UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal Case No. 23-10039-DJC |
| v. | ) ) |  |
| JOHN SULLIVAN | ) ) ) |  |

ORDER ON DEFENDANT'S MOTION FOR RULE 17(c) SUBPOENA
[Docket No. 34]

November 8, 2023

Boal, M.J.

Defendant John Sullivan seeks the issuance of a subpoena pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure to obtain the alleged victim's medical records. Docket No. 34. For the following reasons, this Court grants in part and denies in part the motion.

I.      BACKGROUND

Sullivan is charged in an indictment with hate crime acts in violation of 18 U.S.C. § 249(a)(1). Docket No. 1. The government alleges that on or about December 2, 2022, Sullivan willfully struck G.N. with his motor vehicle, based on G.N.'s actual or perceived race and national origin, willfully causing him injury.

According to the defendant, the evidence provided by the government regarding G.N.'s alleged injuries is inconsistent. Docket No. 35 at 1. Per the defendant, G.N. has made statements to law enforcement and to the news stating that he suffered a fractured shoulder, fractured leg, a concussion, and various cut and scars as a result of Sullivan's attack. See id. at 1-2. However, according to defense counsel, he reviewed Boston Medical Center records of G.N. from December 2, 2022, which contained nothing suggesting that he had suffered a fracture

1

or a concussion. Affidavit of Counsel in Support of Defendant's Motion Pursuant to Fed. R. Crim. P. 17(c)(1) Subpoena Duces Tecum (Docket No. 34-2) ("Bolio Aff.") at ¶ 3.

Sullivan requests approval to issue the following subpoenas:

1. To Boston Medical Center ("BMC") to produce the full and complete record of treatment of G.N. from December 3, 2022.

2. To Brewster Ambulance ("Brewster") to produce the full and complete record of treatment of G.N. from December 2, 2022.

3. To Arbella Insurance to produce the entirety of the file related to G.N.'s claim for damages for Claim # 034317515 or any other claim for damages of G.N. relevant to Mr. Sullivan, including copies of all correspondence sent to G.N., the claimant's attorney, and any medical providers related to any medical bills presented for payment, including any "explanation of benefits" or "explanation of reimbursements" documenting the payment or denial of payment for the bills; copies of any medical coding lists used to identify the injuries of G.N. and/or medical procedures for which services were claimed related to the injury; copies of any and all logs or lists of medical payments made or denied related to the claim; copies of any and all recorded statements of G.N.; copies of any and all recorded statements from any independent witness; copies of any and all photographs or video recordings; and copies of correspondence with any medical practitioners associated with the medical care of G.N.

Docket No. 35 at 3-4.

II.    DISCUSSION

Rule 17(c) of the Federal Rules of Criminal Procedure "allows a defendant to file

requests for subpoenas duces tecum directed to a witness that are returnable prior to trial." United States v. Ventola, No. 15-10356-DPW, 2017 WL 2468777, at *2 (D. Mass. June 7, 2017); see also United States v. Kravetz, 706 F.3d 47, 53 n.2 (1st Cir. 2013). In evaluating a Rule 17(c) motion, a court "has 'wide discretion' to grant or refuse a requested subpoena." United States v. Mariano, No. CR 12-061-01-ML, 2013 WL 866907, at *2 (D.R.I. Mar. 7, 2013) (quoting United States v. Nivica, 887 F.2d 1110, 1117–18 (1st Cir. 1989)).

To demonstrate entitlement to the issuance of a subpoena, a defendant must show that: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a general "fishing expedition." United States v. LaRouche Campaign, 841 F.2d 1176, 1179 (1st Cir. 1988) (quoting United States v. Nixon, 418 U.S. 683, 699-700 (1974)). With respect to the fourth factor, overbroad subpoenas can establish that a defendant intends to use them to conduct a fishing expedition. See Ventola, 2017 WL 2468777, at *2.

In more succinct terms, the moving party must demonstrate "(1) relevancy; (2) admissibility; and (3) specificity."[1] LaRouche, 841 F.2d at 1179 (quoting Nixon, 418 U.S. at 700). When a request fails "the specificity hurdle," it will "invariably include matters that are not admissible, and amount to a general discovery device." Ventola, 2017 WL 2468777, at *2 (internal quotations and citations omitted). In evaluating an application for a subpoena duces tecum, courts emphasize that the subpoena is "not intended to provide a means of discovery for

---

[1] Courts in this circuit have refused to adopt a lower evidentiary standard for Rule 17(c) subpoenas issued to third parties (rather than to the government). See Ventola, 2017 WL 2468777, at *2 n.2. This Court declines to do so as well.

criminal cases." Ventola, 2017 WL 2468777, at *2 (quoting Nixon, 418 U.S. at 698); see also United States v. Cartagena-Albaladejo, 299 F. Supp. 3d 378, 382 (D.P.R. 2018) ("Courts invariably define Rule 17 in the negative: subpoenas are not discovery devices or investigatory tools.").

In addition, where a subpoena requires the production of personal and confidential information about a victim, "[b]efore entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object." Fed. R. Crim. P. 17(c)(3). The government has represented that it gave notice of the motion to the victim and that the victim "does not wish to be heard on the Defendant's Rule 17 Motion." Docket No. 44 at 1.

In order to prevail in this case, the government must prove, among other things, that Sullivan caused "bodily injury" to G.N. See 18 U.S.C. § 249(a)(1). Therefore, this Court finds that the medical records from the day of the incident and the day after are relevant. In addition, such records are likely admissible and sufficiently specific (as modified by this Court). Accordingly, this Court grants the motion to the extent that Sullivan may serve subpoenas on (1) BMC for the record of treatment of G.N. for December 3, 2022 only and (2) Brewster for the record of treatment of G.N. for December 2, 2022 only.[2]

This Court, however, denies the request for a subpoena to Arbella Insurance. The request to Arbella is overly broad and seeks information that appears calculated to obtain impeachment evidence. See Nixon, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production [under Rule 17(c) in advance of trial.").

---

[2] This Court notes that the proposed subpoena for BMC appears to have an error, as it seeks records from December 3, 2023. Sullivan shall use the language specified above in the subpoenas.

III.    ORDER

For the foregoing reasons, this Court grants in part and denies in part the motion.[10] Sullivan may serve a Rule 17(c) subpoena on BMC seeking the record of treatment for G.N. for December 3, 2022 only and on Brewster seeking the record of treatment for G.N. for December 2, 2022 only.

 /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[10] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).